UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIERO A. BUGONI,

    Plaintiff,

v.                                Case No. 8:14-cv-1276-T-33TGW

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On May 30, 2014, Plaintiff Piero Bugoni filed a document identified as both a "Notice of Removal" and "Response to Florida Uniform Traffic Citation." (Doc. # 1). Upon review of this filing, which the Court construes as a complaint, the Court dismisses this action for lack of subject matter jurisdiction.[1]

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."

---

[1] Notably, on April 30, 2014, Bugoni filed an "Emergency Complaint" in this Court (Case No. 8:14-cv-1037-T-33AEP, Doc. # 1) alleging various constitutional violations relating to certain charges filed against him in state court. The Court determined in that case, as it does here, that Bugoni's disorderly complaint must be dismissed for lack of subject matter jurisdiction.

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Far from asserting a substantial federal claim, Bugoni's complaint contains no perceivable cause of action. Although

2

Bugoni asserts that several "federal questions are in controversy in this matter," including Bugoni's "right to be free from excessive fines, fees, or penalties," "right to travel," and rights to due process, life, liberty, and "equal protection of law," Bugoni fails to allege any facts to support his alleged deprivations. (Doc. # 1 at 2). Bugoni vaguely references an "offense charged" against him as well as the entry of default judgment in a state court matter (id.), but – other than the indication in the heading that this document is Bugoni's response to a Florida traffic citation – the complaint contains no factual explanation of the offense itself or the related relief Bugoni seeks by filing this action.

The Court cannot discern a federal cause of action among these allegations, and has no obligation to hypothesize, even considering Bugoni's pro se status. See Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to pro se pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal quotation omitted). Although the Court has construed the complaint liberally in light of Bugoni's status as a pro se litigant, the Court ultimately concludes that the

3

complaint's deficient jurisdictional allegations and failure to state a cause of action are critical. The Court accordingly dismisses Bugoni's complaint for lack of subject matter jurisdiction.[2]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

---

[2] The Court additionally notes that Bugoni has failed to comply with the rules of this Court, as he neither paid the filing fee nor petitioned to proceed in forma pauperis in this matter.

4